Olshan Frome Wolosky LLP
Martin J. Feinberg
Safia A. Anand
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SKIP HOP, INC.,<br><br>                              Plaintiff,<br><br>               -against-<br><br>MLK DESIGNS US, LLC d/b/a MON PETIT CHOU, NVMK SALES INC., MITCHELL KLAPOW and HERNANDO VERGARA,<br><br>                              Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Skip Hop, Inc. ("Skip Hop"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1.     This is an action for copyright infringement in violation of the laws of the United States. Plaintiff seeks an injunction, damages and related relief.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Plaintiff's claims are predicated upon the copyright laws of the United States, 17 U.S.C. § 101, et seq., as amended (the "Copyright Act"). Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. Plaintiff Skip Hop, Inc. is a New York corporation with its principal place of business at 50 West 23rd Street, New York, New York 10010.

4. Defendant MLK Designs US, LLC doing business as Mon Petit Chou ("MLK") is a Florida limited liability company with its principal place of business at 999 Brickell Ave., Suite 540, Miami, Florida 33131.

5. Defendant NVMK Sales Inc. ("NVMK") is a Florida corporation with its principal place of business at 15235 Brand Blvd., A107, Mission Hills, CA 91345.

6. Defendants MLK and NVMK (i) have imported, purchased, distributed, offered for sale and/or sold the infringing products at issue in this case and other products in New York and this judicial district and/or (ii) expected, intended and directed that those products be resold in New York and this judicial district by its distributors, wholesale/retail accounts and/or through its internet website www.mon-petitchou.com, with full knowledge that those products were resold in New York and this judicial district or could reasonably be expected to be resold in New York and this judicial district.

7. Defendants Mitchell Klapow ("Klapow") and Hernando Vergara ("Vergara") are the moving, active, dominating and controlling force behind MLK and NVMK's infringing activities, and personally participated in the transactions alleged herein (hereinafter Defendants MLK, NVMK, Klapow and Vergara are collectively referred to herein as "Defendants").  Vergara is also the registered owner of the www.mon-petitchou.com and www.nvmksales.com domain names.  Both Vergara and Klapow are managing members of NMVK.

3887973-1

8.      At all times relevant hereto, Defendants have, through their distributors and/or wholesale/retail accounts, advertised, distributed, offered for sale and/or sold the infringing products at issue in this case in New York and within this judicial district.

## SKIP HOP'S COPYRIGHTS

9.      Skip Hop is one of the leading manufacturers of unique, high quality children's products. Skip Hop has achieved a tremendous amount of recognition in the United States and worldwide. The Skip Hop products have been heavily promoted and advertised by Skip Hop.

10.     In 2009, Skip Hop introduced its line of ZOO products featuring its distinctive ZOO characters. This line of products has a very distinctive look that is immediately recognized as the Skip Hop brand and has been heavily promoted by Skip Hop.

11.     Included in Skip Hop's distinctive ZOO characters are the owl design (the "Owl Design"), the giraffe design (the "Giraffe Design"), the dog design (the "Dog Design"), the elephant design (the "Elephant Design"), the bee design (the "Bee Design"), the hippopotamus design (the "Hippo Design"), and the monkey design (the "Monkey Design"), amongst others, all of which have appeared on numerous children's products.

12.     Skip Hop is the owner of the following valid and subsisting copyrights in and to its various ZOO characters including, but not limited to, the following (hereinafter collectively the "Skip Hop Copyrights"):

| Description | Design Image | U.S. Copyright Registration No. |
|---|---|---|
| Owl Design | | VA-1-724-294 |
| | | VA 1-963-611 |

3887973-1

| Description | Design Image | U.S. Copyright Registration No. |
|---|---|---|
| Giraffe Design | | VAu 1-099-351 |
| Dog Design | | VA 1-724-307 |
| | | VA0001724307 |
| Elephant Design | | VAu 1-099-360 |
| | | VA 1-963-615 |
| Bee Design | | VA-1-724-296 |
| | | VA 1-963-612 |
| Hippo Design | | VAu 1-099-359 |
| Monkey Design | | VA 1-724-309 |
| | | VA 1-963-609 |

True and correct copies of the registration certificates and deposit materials for the Skip Hop Copyrights are attached hereto as Exhibit A.

13. The works protected by the Skip Hop Copyrights are original and distinctive.

14. The works protected by the Skip Hop Copyrights are used in connection with a variety of Skip Hop Zoo products, including, tableware (the "ZOO Tableware Products").

3887973-1

15. The ZOO Tableware Products are popular, well-known and sold in stores and over the internet throughout the United States and the world.

## **DEFENDANTS' WRONGFUL ACTS**

16. Defendants, without the consent of Skip Hop, are importing, purchasing, manufacturing, distributing, advertising, offering for sale, and/or selling, throughout the United States, products, bearing designs that are substantially similar to the Skip Hop Copyrights and the ZOO Tableware Products that copy the works protected by the Skip Hop Copyrights (the "Offending Goods"). The Offending Goods is competitive with, related to, and directed and targeted towards the same group of ultimate consumers as Skip Hop's products. A table comparing the Skip Hop Copyrights and the ZOO Tableware Products with the Offending Goods is detailed below:

| **Skip Hop US Copyrights** | **Genuine ZOO Tableware Products** | **Offending Goods** |
|---|---|---|
| VA0001724294<br><br>VA 1-963-611 | | |

3887973-1

| Skip Hop US Copyrights | Genuine ZOO Tableware Products | Offending Goods |
|---|---|---|
| VAu001099351 | | |
| VA 1-890-379<br><br>VA0001724307 | | |

3887973-1

| Skip Hop US Copyrights | Genuine ZOO Tableware Products | Offending Goods |
|---|---|---|
| VAu001099360<br><br>VA 1-963-615 | | |
| VA0001724296<br><br>VA 1-963-612 | | |



17. On or about September 23, 2016, a cease and desist letter was served on Defendants NVMK, Vergara and Klapow demanding that the Defendants cease selling the Offending Goods.

Despite receipt of this notice, Defendants have continued to distribute, advertise, offer for sale and/or sell the Offending Goods.

18. Defendants' aforementioned acts were willful and intentional, in that Defendants either knew or should have known that said products bore designs substantially similar to the Skip Hop Copyrights, or willfully ignored such fact, especially after receipt of notice.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.)

19. Skip Hop repeats and realleges each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. Skip Hop is the sole and exclusive owner of all right, title, and interest in and to the Skip Hop Copyrights.

21. The Skip Hop Copyrights contain original material and copyrightable subject matter under the copyright laws of the United States.

22. Defendants had access to the designs protected by the Skip Hop Copyrights prior to the Defendants' creation, design, purchase, importation, distribution, offer for sale and/or sale of their own products.

23. Defendants, with access to the ZOO Tableware Products, and without authorization, created, designed, purchased, imported, distributed, offered for sale and/or sold, tableware products and continue to create, design, purchase, import, distribute, offer for sale and/or sell tableware products that bear a substantial similarity to the Skip Hop Copyrights, copying the original and creative elements of the Skip Hop Copyrights.

24. Defendants have received notification that they have infringed and are continuing to infringe the Skip Hop Copyrights, but nonetheless have continued their infringing conduct. Unless

enjoined by the Court, Defendants intend to continue their course of infringing conduct, to wrongfully use, infringe upon and otherwise profit from the use of material and substantial portions of the Skip Hop Copyrights and to induce others to do so.

25. As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. § 101, *et seq*.

26. Defendants' actions in copying and exploiting the designs protected by the Skip Hop Copyrights were, and if continued, hereafter will be, committed willfully, intentionally and purposefully.

27. Such conduct on the part of Defendants has injured Skip Hop in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Skip Hop, for which Skip Hop has no adequate remedy at law. As such, Plaintiff seeks an injunction pursuant to 17 U.S.C. § 502, damages and a disgorgement of profits, pursuant to 17 U.S.C. §504, and costs, disbursements, and reasonable attorneys' fees and expenses, pursuant to 17 U.S.C. §505.

WHEREFORE, Skip Hop demands that a judgment be entered granting the following relief:

1. Preliminarily and permanently enjoining and restraining Defendants and their affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with it from:

(a) Imitating, copying or making unauthorized use of the Skip Hop Copyrights;

(b) Manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the Offending Goods or any other products bearing any designs substantially similar to the Skip Hop Copyrights;

(c) Engaging in any other activity, including the effectuation of assignments or transfers of its interest in designs substantially similar to the Skip Hop Copyrights, the

formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(b) above.

2. Directing that Defendants deliver for destruction all Offending Goods remaining in its inventory and the inventory of any of its retailers, and all products, labels, tags, packaging, artwork, prints, signs, packages, dies, wrappers, receptacles and advertisements in its possession, custody or control bearing designs substantially similar to the Skip Hop Copyrights, including all plates, molds, matrices and other means of making such infringements of the Skip Hop Copyrights.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products at issue in this case that have been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Skip Hop or are related to or associated in any way with Skip Hop's products.

4. Compelling Defendants to account to Skip Hop for any and all profits derived by Defendants from the sale or distribution of the Offending Goods.

5. Awarding Skip Hop all damages sustained by it as a result of Defendants' wrongful acts and all profits realized by Defendants due to their wrongful acts.

6. At Skip Hop's election, awarding statutory damages in the maximum amount against each defendant for each infringement of the Skip Hop Copyrights and inducement thereof.

7. Directing that Defendants pay over to Skip Hop its costs, disbursements, and reasonable attorneys' fees and expenses, together with pre-judgment interest.

8.	That the Court retain jurisdiction of this action for the purpose of enabling Skip Hop to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

9.	That Skip Hop be granted such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	October 17, 2016

Respectfully submitted,

Martin J. Feinberg
Safia A. Anand
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Attorneys for Plaintiff*